UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JONATHAN WILLIAMS**                                                                                          **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 1:22-CV-P134-GNS**

**GARY MARTIN** *et al.*                                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of this action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

**I.**

Plaintiff was incarcerated as a convicted prisoner at the Logan County Detention Center (LCDC).[1] He names as Defendants LCDC Chief Gary Martin and Jailer Phil Gregory. Plaintiff sues Defendant Martin in both his official and individual capacities but does not indicate in what capacity he sues Defendant Gregory.

Plaintiff alleges that on September 26, 2022, Defendant Martin "stopped [Plaintiff] in the hallway . . . demanding that I denounce my religious beliefs and practices . . . or suffer punishment." Plaintiff specifically alleges that Defendant Martin forced Plaintiff to "untuck my socks to release my pants leg . . . ." Plaintiff continues, "[by] allowing my pants legs to drag/scrap the floor causes them to become stained . . . which deflates my Islamic beliefs. . . ." Plaintiff also states that Defendant Martin targeted him "on numerous occasions concerning my practices." Plaintiff states that this is a form of "discriminatory harassment."

---

[1] After Plaintiff initiated this action, he filed a notice of change of address (DN 7) and a non-prisoner application to proceed *in forma pauperis* (DN 10) indicating that he was no longer incarcerated.

Plaintiff claims that Defendant Martin's actions violated his First Amendment right to freely exercise his religion, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection.

As relief, Plaintiff seeks damages and a temporary restraining order (TRO).

## II.

Because Plaintiff was a prisoner at the time he filed suit seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A. **Defendant Martin**

1. **Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Martin is actually against his employer, Logan County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364

(6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Logan County. Thus, Plaintiff's official-capacity claim against Defendant Martin must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

Based upon Plaintiff's allegations, the Court will allow a First Amendment free exercise claim; an Eighth Amendment claim; and a Fourteenth Amendment equal protection claim to proceed against Defendant Martin in his individual capacity. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### B. Defendant Gregory

As indicated above, Plaintiff does not indicate in which capacity he sues Defendant Gregory. However, if Plaintiff had sued Defendant Gregory in his official capacity, this claim would be dismissed for the same reasons the Court dismissed Plaintiff's official-capacity claim against Defendant Martin.

Moreover, any individual-capacity claim against Defendant Gregory is also subject to dismissal because the complaint does not contain any allegations against him. Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to pro se complaints. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any

degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Finally, to the extent that any claim against Defendant Gregory is based on his supervisory role as the LCDC Jailer, the claim would still fail. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Gregory was actively involved in the alleged violation of Plaintiff's constitutional rights, any individual-capacity claim against him would be dismissed for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

Finally, the Court turns to Plaintiff's request injunctive relief in the form of a TRO. Once a prisoner is released or transferred from the institution where the underlying complaint arose, any claim for injunctive relief becomes moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Thus, because Plaintiff is no longer incarcerated at LCDC, his request for a TRO is moot.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims against Defendant Gregory, the official-capacity claim against Defendant Martin, and the claim for injunctive relief

are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against him, the **Clerk of Court** is **DIRECTED to terminate Defendant Gregory as a party to this action**.

The Court will enter a separate Service and Referral Order to govern the claims it has allowed to proceed.

Date: January 25, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Logan County Attorney
4416.011