UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00134-JHM-HBB

JONATHAN WILLIAMS                                                              PLAINTIFF

VS.

GARY MARTIN                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of *pro se* Plaintiff Jonathan Williams to amend the scheduling order (DN 49). Defendant Gary Martin has filed a response in opposition (DN 51). Williams has not filed a reply.

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Williams claims that Defendant Logan County Detention Center Chief Martin interfered with his exercise of religion by demanding that he denounce his religion and not permitting him to wear clothing in a manner that accommodated his Islamic beliefs (DN 13, p. 1). The Court conducted a screening of his Complaint in accordance with 28 U.S.C. § 1915A. The Court permitted Williams to proceed with a First Amendment free exercise claim, an Eight Amendment claim, and a Fourteenth Amendment equal protection claim against Martin in his individual capacity (Id. at p. 4).

On April 10, 2023, the Court entered a scheduling order (DN 20). The Order afforded the parties six months, until October 9, 2023, to complete fact discovery (Id.). Subsequently, Williams filed a letter with the Court which the Court construed as a motion to compel discovery. The Court ruled on December 6, 2023, as follows:

> Finally, the Court turns to a letter Plaintiff filed which the Court construes as a motion to compel Defendants to produce the documents he requests in the request for production of documents he filed on the same date (DNs 31 & 32). Plaintiff must conduct discovery in accordance with the Federal Rules of Civil Procedure. Thus, instead of filing his requests for production of documents with the Court,

> Plaintiff should send them to Defendants' counsel in accordance with Fed. R. Civ. P. 34.  If Plaintiff is unsatisfied with Defendants' response to his discovery requests, he must confer with Defendants' counsel to resolve the dispute extra-judicially, without the Court's involvement.  If he is still unsatisfied, he may file a motion to compel under Fed. R. Civ. P. 37 containing a certification that he has in good faith conferred or attempted to confer with Defendants' counsel for failure to comply with his discovery request.

(DN 36, p. 5).  On December 8, 2023, Williams filed of record interrogatories and requests for admission (DN 38 & 39).  He also filed a letter on that same date which the Court construed as a motion to compel Martin's responses (DN 37).  The Court again instructed Williams:

> Plaintiff has filed a letter which the Court construes as a motion to compel Defendants to respond to the interrogatories and requests for admissions he filed with the Court on the same date (DN 37).  As Plaintiff was informed by the Court's prior Order, he must conduct discovery in accordance with the Federal Rules of Civil Procedure.  Thus, instead of filing interrogatories and requests for admission with Court, Plaintiff shall serve them on defense counsel in accordance with Fed. R. Civ. P. 33 and 36.  If Plaintiff is unsatisfied with Defendants' response to his discovery requests, he must confer with Defendants' counsel to resolve the dispute extra-judicially, without the Court's involvement.  If he is still unsatisfied, he may file a motion to compel under Fed. R. Civ. P. 37 containing a certification that he has in good faith conferred or attempted to confer with Defendants' counsel for failure to comply with his discovery request.  Plaintiff is directed to the Court's *Pro Se* Prisoner Handbook for further explanation of the discovery process.

(DN 40, p. 1).  On December 13, 2023, Williams filed interrogatories and requests for production of documents (DN 41 & 42).  Of note, all the discovery requests, DN 38, 39, 41, and 42, were submitted after the expiration of the deadline for fact discovery.

On January 10, 2024, Williams filed a letter in the record indicating that he had been under the impression that a telephonic conference had been scheduled for December 26, 2023, and it had been his intention to ask for more time to "gather evidence, file motions, and other important material" (DN 47).  The undersigned issued an Order in response to Williams' letter observing that no telephone conference had been scheduled for December 26, rather that was the deadline for filing dispositive motions (DN 48).  The undersigned further instructed Williams that, if he desired

2

additional time to conduct discovery, given that the deadline had expired, he should file a motion to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), and provided a synopsis of the factors the Court would undertake in evaluating such a motion (DN 48).

On January 26, 2024, Williams filed the instant motion requesting the amendment of the scheduling order. In his motion, he reiterates that he had understood a telephonic conference would be held on December 26, 2023 and had intended to ask for additional time to conduct discovery during the conference (DN 49, p. 1). He also states that "defendants [*sic*] will not allow plaintiff to gain access certain documents related to this case" (Id. at p. 2).

Martin has responded in opposition, pointing out that, even though Williams failed to timely submit discovery requests, he nonetheless responded to all of them (referencing DN 32, 38, 39, 41 and 42) and provided his entire inmate file from Logan County Detention Center (referencing DN 43, 45 and 46) (DN 51, p. 1). He further contends that Williams has failed to demonstrate good cause for amending the scheduling order.

## Discussion

Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). Where amendment of a scheduling order is to allow additional time for discovery, the Court considers a number of factors. These include (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e., the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party

was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan, 951 F.2d at 110).

The Court outlined for Williams the good cause standard and the factors he would need to satisfy under Dowling to obtain amendment of the scheduling order. (S*ee* DN 48 at p. 2). Williams has not addressed any of the factors. The undersigned will nonetheless make an independent evaluation. As to the first factor, when Williams knew of the issue that is the subject of discovery, the issues are those alleged in his original Complaint. As to the effect of the outcome of the trial, Defendant represents, without dispute from Williams, that he has responded to all his outstanding discovery requests. Thus, there is no demonstration that additional discovery would have a significant impact on trial. As to the length of the discovery period, Plaintiff had six months to engage in discovery. He submitted discovery requests well after the expiration of the deadline, and Martin responded to them. There is no explanation for why Williams did not complete his discovery in the time allotted, particularly considering Martin's responses to discovery requests propounded after the deadline expired. This also reflects on Martin's responsiveness to discovery requests. Finally, there is no explanation from Williams as to why he expected to wait until what

5

he understood would be a telephonic conference on December 26 to address the discovery deadline which had expired almost 3 months earlier.  In sum, Williams has failed to demonstrate good cause for amending the scheduling order to permit additional time for discovery.

      **WHEREFORE**, Plaintiff's motion to amend the scheduling order, DN 49, is **DENIED**.

March 7, 2024

*H. Brent Brennenstuhl* (signature)

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:    Jonathan Williams, *pro se*
                Counsel of Record